# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TRACI FEIT LOVE, an individual, | ) |
| Plaintiff, | ) Case No.: |
| v. | ) COMPLAINT |
| CAVALRY SPV I LLC, a Delaware Limited Liability Company; and ALDRIDGE PITE HAAN LLP, a Limited Liability Partnership, | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## COMPLAINT

COMES NOW Traci Feit Love, Plaintiff, and states the following Complaint against Defendant CAVALRY SPV I LLC and Defendant ALDRIDGE PITE HAAN LLP for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*

## JURISDICTION AND VENUE

1. This action arises out of Defendants' illegal and improper efforts to collect a consumer debt, and includes violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA"), as well as Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.*

1

("FBPA"); and Plaintiff's claims under these statutes are so related that they form the same case or controversy.

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k, 15 U.S.C. §§ 1681 *et seq.*, and 28 U.S.C. §§ 1331 & 1337, as well as 28 U.S.C. § 1367 (Supplemental Jurisdiction).

3. This Court has personal jurisdiction over the Defendants for the purposes of this action because both Defendants regularly attempt to collect debts from residents of Georgia in the State of Georgia, Defendant CAVALRY SPV I LLC has a registered agent located in the State of Georgia, Defendant ALDRIDGE PITE HAAN LLP has its principal place of business within the State of Georgia, Plaintiff is a resident of the State of Georgia, and the committed acts that form the basis for this suit occurred within the State of Georgia and this District.

4. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because Defendant CAVALRY SPV I LLC has a registered agent located within this District, Defendant ALDRIDGE PITE HAAN LLP has a principal place of business within this District, and Plaintiff is a resident of this District.

## PARTIES

5. TRACI FEIT LOVE, née TRACI FEIT, is a resident of Georgia, and was so at all times relevant to this action, and is a consumer under 15 U.S.C. § 1692a(3).

6. CAVALRY SPV I LLC ("CAVALRY") is a Limited Liability Company organized under the laws of the State of Delaware that regularly transacts business within the State of Georgia, regularly targets Georgia residents for the collection of debts, and has a registered agent in Georgia named C T Corporation System and located at 289 S Culver St, Lawrenceville, GA, 30046-4805.

7. ALDRIDGE PITE HAAN LLP ("APH") is a Limited Liability Partnership with its principal place of business located at 6100 Lake Forrest Drive, NW, ATLANTA, GA 30328.

## FACTUAL ALLEGATIONS

8. TRACI FEIT LOVE is a natural person, and is not a corporation, limited liability company, or other legal entity.

9. ALDRIDGE PITE HAAN LLP's website states that it is "a multi-state law firm representing national and regional banks, automobile financing lenders,

hospitals, medical service providers, debt buyers, and other lenders and financial institutions."[1]

10. In short, Defendant ALDRIDGE PITE HAAN LLP is a debt collector.

11. Defendant ALDRIDGE PITE HAAN LLP regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the instrumentalities of interstate commerce, including the mails and the interstate telephone system.

12. Defendant CAVALRY SPV I LLC is registered as a consumer collection agency with the Florida Office of Financial Regulation, with the License Number CCA9902538.

13. Defendant CAVALRY SPV I LLC is registered as a debt collector with the Minnesota Department of Revenue, with the License Number 40175658.

14. Upon information and belief, Defendant CAVALRY SPV I LLC regularly collects or attempts to collect debts owed or due to others.

15. The principal purpose of Defendant CAVALRY SPV I LLC's business is the collection of any debts.

---

[1] Aldridge Pite Haan LLP, available at (http://www.aph-law.com/#ample_call_to_action_widget-2) (last accessed Dec. 22, 2022).

16. Defendants filed a lawsuit against Plaintiff in Fulton County State Court on November 28, 2018—Cavalry SPV I LLC v. Feit, Case No. 18EV005741 (the "First State Lawsuit").

17. The First State Lawsuit was dismissed by Fulton County State Court on May 9, 2019, for failure to serve Plaintiff.

18. Defendants filed a second lawsuit against Plaintiff in Fulton County State Court on August 9, 2019—Cavalry SPV I LLC v. Feit, Case No. 19EV004212 (the "Second State Lawsuit").

19. The Second State Lawsuit was dismissed by Fulton County State Court on December 10, 2021, for failure to serve Plaintiff.

20. The statute of limitations on Defendants' claims against Plaintiff expired after the dismissal of the Second Lawsuit.

21. Defendants caused Plaintiff to be served with a Summons and copy of the First State Lawsuit on January 15, 2022.

22. These documents were not legal process on January 15, 2022, because the First State Lawsuit was dismissed more than two years prior.

23. Defendants filed an affidavit of service based on the improper and illegal service of the First State Lawsuit, but filed this return of service in the Second State Lawsuit.

24. The affidavit of service filed in the Second State Lawsuit falsely claimed Plaintiff was served with the Second State Lawsuit, even though the documents she received were for the First State Lawsuit.

25. Further, the Second State Lawsuit was already dismissed by the time Defendants filed the affidavit of service, and the affidavit of service was masquerading as valid legal process when it was not.

26. Plaintiff was forced to incur legal costs to ensure her rights under the law were protected as a result of Defendants filing a false affidavit of service in the Second State Lawsuit.

27. Plaintiff was also forced to incur legal costs to protect her rights under the law and ensure that the improper service of the First State Lawsuit was not used improperly by Defendants in the First State Lawsuit.

28. Plaintiff, through her legal counsel in the state court cases, filed special appearances to challenge any service of process, incurring no less than $861.44 in attorneys' fees and costs she would not have incurred but for Defendants' actions.

29. Plaintiff stress, anxiety, frustration, and worry in the form of emotional distress as a result of Defendants representations or implications that the documents delivered to her were legal process.

30. Plaintiff's injuries caused by Defendants' violations of the FDCPA are particular and concrete in that they are legally cognizable injuries through the FDCPA, they have invaded Plaintiff's legal rights, invaded her right to be free from attempts to collect debts she does not owe, invaded her right to be given accurate information about how much of a debt she does owe, invaded her right to be treated fairly and with conscious regard, and have resulted in Plaintiff suffering stress and anxiety, emotional distress, as well as valuable lost time and resources.

31. Plaintiff has incurred actual damages—both specific in legal fees and costs incurred, and general in the form of emotional distress—as a direct result of Defendants' actions in violation of the FDCPA that she would not have suffered but for Defendants' FDCPA violations.

## CAUSES OF ACTION

### Count 1
*Violations of the Fair Debt Collection Practices Act*

32. Defendants' delivery of a false summons and copies of the First State Lawsuit to Plaintiff after that lawsuit, and the Second State Lawsuit, had already been dismissed falsely represented or implied that the documents

delivered to Plaintiff were legal process when there were not in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*.

33. Defendants' filing of a false affidavit of service in the Second State Lawsuit claiming Plaintiff was served with the Second State Lawsuit despite said lawsuit already being dismissed, and despite the documents being delivered to Plaintiff being documents for the First State Lawsuit, violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*.

34. Defendants' efforts to continue to collect the alleged debt from Plaintiff through litigation beyond the statute of limitations violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*.

35. Defendants' efforts to collect an amount from Plaintiff not permitted by law or by contract violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*.

36. As a direct result Defendants' actions in violation of the FDCPA, Plaintiff suffered stress, anxiety, and emotional distress—otherwise known as garden-variety emotional distress—and suffered lost resources and valuable time in dealing with these collection efforts.

37. As a direct result Defendants' actions in violation of the FDCPA, Plaintiff incurred legal costs and fees she would not have incurred but for

Defendants' actions in violation of the FDCPA in an amount not less than $861.44.

38. Further, Defendants' violations of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, make them liable to Plaintiff for not just the actual damages identified above, but also for statutory damages of up to the maximum of $1,000 for each Defendant, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

## JURY DEMAND

39. Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays that this Court:

(1) Find all Defendants liable for violations of the Fair Debt Collection Practices Act for the reasons stated in the Complaint above;

(2) Award Plaintiff the full $1,000 statutory damages for each Defendant's FDCPA violations;

(3) Award Plaintiff actual damages against Defendants in an amount to be shown with more particularity at a later date for Defendants' FDCPA violations;

(4) Award Plaintiff the reasonable costs of this action;

(5) Award Plaintiff other reasonable expenses of litigation;

(6) Grant Plaintiff such other and additional relief as the Court deems just and equitable.

Respectfully submitted this 15 January 2023.

                               */s/ John William Nelson*
                               John William Nelson
                               Georgia Bar No. 920108
                               john@nelsonchambers.com
                               *Attorney for Plaintiff*

                               The Nelson Law Chambers LLC
                               2180 Satellite Blvd, Suite 400
                               Duluth, Georgia 30097
                               Ph. 404.348.4462
                               Fax. 404.549.6765

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B). The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14-point font.

**DATED:**     <u>15 January 2023</u>

<u>/s/ John William Nelson</u>
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.    404.348.4462
Fax.   404.549.6765

# VERIFICATION OF COMPLAINT

Pursuant to 28 U.S.C. § 1746, Plaintiff <u>TRACI FEIT LOVE</u>, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 01 / 15 / 2023

*Traci Feit Love*
Signature

Doc ID: 4215b5319c77f07235a3094b31daf5e350baa1af